ESTATE of John F. NUTT, Deceased, et al., Petitioners and Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent and Appellee.

Eileen M. NUTT, Petitioner and Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent and Appellee.

Nos. 24531, 24532.

United States Court of Appeals, Ninth Circuit.

Aug. 18, 1971.

William Lee McLane, of McLane & McLane, Phoenix, Ariz., for petitioners-appellants.

Lee A. Jackson, Elmer J. Kelsey, Carolyn R. Just, of Dept. of Justice, Johnnie M. Walters, Asst. Atty. Gen., K. Martin Worthy, Chief Counsel, Washington, D. C., for respondent-appellee.

Jack Rappeport, Tucson, Ariz., Ryley, Carlock & Ralston, Phoenix, Ariz., amicus curiae.

Before CHAMBERS, JERTBERG and KOELSCH, Circuit Judges.

CHAMBERS, Circuit Judge:

The decision of the tax court is reversed and a decision should be entered for petitioners.

This case has been here before. See Nutt v. C.I.R., 351 F.2d 452 (9th Cir. 1965) and Nutt v. C.I.R., published as an Appendix hereto.

This opinion assumes familiarity with both decisions.

On the second remand the tax court found 75 shares of stock of Rancho Tierra Prieta in the name of John Nutt and 75 shares in the name of Eileen Nutt (constituting control of Tierra Prieta)

were all community property. Thus it was held that John Nutt, the husband and, therefore, the manager of the community, had the indirect right to reacquire the land they had sold to Tierra Prieta. As a result of the indirect right to reacquire, the tax court ruled that capital gains treatment on the sale was not available to the Nutts.

Section 1231(b) (4) provides, as it did then, for capital gains treatment on the sale of unharvested crops on land used in the taxpayer's trade or business and held for more than six months, if the crop and land are sold at the same time to the same person. Treas. Reg. § 1–1231–1(f) says that Section 1231(b) (4) does not apply to a sale if the taxpayer retains any right or option to reacquire the land the crop is on, directly or indirectly.

We are not sure the finding of "community property" ownership is free from doubt, but we accept it because of the view we take it is immaterial whether the property was separate or community.

■ We hold that when the shares were issued to Eileen Nutt, under the facts of this case, John Nutt created an agency coupled with an interest in her favor, which made the agency irrevocable.

During the relevant time of inquiry, A.R.S. § 10–233(1) granted a corporation the right to recognize the exclusive right of a person registered on its books as the owner of shares to vote as such owner. Tierra Prieta's articles of incorporation did just that. Nevertheless, John Nutt acquiesced as Eileen Nutt wrote the check with which her shares, registered in her name, were purchased. Under the joint account at the bank, she had a right to do this anyway. In light of the above statute, John Nutt's at least tacit approval was enough to create an agency in Eileen. The agency was irrevocable if coupled with an interest. Phoenix Title & Trust Co. v. Grimes,

101 Ariz. 182, 416 P.2d 979 (1966). Eileen clearly had an interest in the stock above and beyond her vested interest in all community property. Grimditch v. Grimditch, 71 Ariz. 198, 225 P.2d 489 (1951). Therefore we hold Eileen possessed an agency to vote the shares issued in her name, coupled with an interest in the shares, which made her agency irrevocable.

Having done what he did, in our view, if Eileen had "shown her teeth," John Nutt could not have properly voted the shares issued in her name. And we hold that the same agency coupled with an interest would have prevented him from selling the shares issued in her name against her will.

■ A.R.S. § 10–231, then applicable, stated that title to a certificate and the shares represented thereby may be transferred only by delivery of the certificate (and as applicable to this case) endorsed by the person appearing by the certificate to be the owner of the shares. In light of this statute, John Nutt's acquiescence and Eileen's interest in the shares, an agency to sell, coupled with an interest, was created in Eileen.

■ Of course, we assume some creditor of the community could have taken all of the stock on process for a debt, but that could not aid the commissioner's position that John Nutt had the power as head of the community to reacquire the land.

As we pointed out in our first opinion, there might have been good reason to collapse the whole transaction under principles similar to Starr's Estate v. C. I.R., 274 F.2d 294 (9th Cir. 1959), but that point was resolved against the commissioner by the tax court and the commissioner took no appeal from the ruling.

Reversed for proceedings consistent herewith.

See Appendix on next page.

APPENDIX

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT
March 25, 1969

ESTATE OF JOHN F. NUTT,
Deceased, EILEEN M. NUTT,
and FRANCES D. NUTT, Executrices,

Petitioners,

vs.

COMMISSIONER OF INTERNAL REV-
ENUE,

Respondent.

EILEEN M. NUTT,

Petitioner,

vs.

COMMISSIONER OF INTERNAL REV-
ENUE,

Respondent.

Nos. 22,634
and 22,634–A

ORDER FOR
REMAND

Before: CHAMBERS, POPE and JERTBERG, Circuit Judges.

PER CURIAM:

The cases are remanded to the United States Tax Court with the suggestion it vacate its findings of fact, opinion and decision and permit either party to offer in evidence any written or other appropriate evidence concerning the nature of the bank account or accounts in the First National Bank of Arizona at Eloy on which were drawn the two checks for $7,500 each (mentioned in our opinion, 351 F.2d 452 at 453). Thereafter, new findings, opinion and decision should be entered.

On the face of the present record, a question of Arizona community property law is presented. This may or may not be vitally affected by the nature of the bank account or accounts upon which the checks were drawn.

It well may be that neither party deserves a second chance to improve the present record, but we hold that we have inherent power, in our discretion, when we believe in a civil case that the record is incomplete on a vital point to remand the case to find out the true facts.